THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES CLARK, Respondent, v. JOHN V. TREACY, Town Clerk of the Town of Highlands, Appellant.

*Justice of the peace — his term of office cannot be shortened — his successor held to be elected at the election preceding the expiration of his term — the Legislature cannot direct otherwise.*

Chapter 489 of the Laws of 1897 directs that town meetings and elections in certain counties shall be held at the same time as the general elections, and that the town officers who, except for that act, would be elected in the spring of 1898, should be elected at the general election in 1897, and those who would be elected in the spring of 1899 should be elected at the election of 1898, and that the "term of office of the town officers so elected shall begin on the first day of January, one thousand eight hundred and ninety-eight, and the first day of January, one thousand eight hundred and ninety-nine, respectively, and the term of office of their successors (predecessors?) shall thereupon cease and terminate."

*Held,* that in view of the fact that the office of a justice of the peace is a constitutional office, the term of which is four years, and that the Legislature has no power to shorten such term, the act of 1897 should be so construed that a justice of the peace whose term of four years would expire on the 1st of January, 1899 (whose successor was assumed to be elected at the general election of 1897, and resigned his office in 1899, the vacancy being filled by an appointment by the town board), who, himself, was re-elected in 1898, will be considered to have been elected as his own successor for the term commencing on the 1st day of January, 1899, and that the election for the term commencing on that day was the election held in 1898.

*Semble,* that the Legislature has not the power to direct that a constitutionally elective office shall be filled at a date earlier than that of the election which next precedes the expiration of the term of the existing incumbent.

APPEAL by the defendant, John V. Treacy, town clerk of the town of Highlands, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the clerk of the county of Orange on the 3d day of October, 1899, granting the relator's motion for a peremptory writ of mandamus.

*A. H. F. Seeger,* for the appellant.

*Jonathan Deyo,* for the respondent.

CULLEN, J.:

This proceeding is brought to compel the respondent, the town clerk of the town of Highlands, Orange county, to furnish the

relator a docket book, as required by subdivision 16, section 3140, Code of Civil Procedure; and the question involved is the right of the relator to the office of justice of the peace of that town.

Prior to the year 1897, the relator was a justice of the peace, and his term of office would expire, by law, the 1st of January, 1899, and his successor be elected in the spring of 1898. In 1897 the Legislature passed a statute (Chap. 439) directing that the town meetings and elections of the towns in the counties of Rockland, Orange and Sullivan should thereafter be held at the same time and place as the general elections. Section 4 provided that the town officers who, except for the act, would be elected at the town meetings in the spring of 1898, should be elected at the general election in 1897, and those who would be elected in the spring of 1899, should be elected at the election of 1898. It further provided: "The term of office of the town officers so elected shall begin on the first day of January, eighteen hundred and ninety-eight, and the first day of January, eighteen hundred and ninety-nine, respectively, and the term of office of their successors (predecessors?) shall thereupon cease and terminate." At the general election of 1897 one Nelson was elected as the relator's successor, who resigned his office during the year 1899, and the town board assumed to appoint one Likely to fill the vacancy. At the general election of 1898 the relator was elected as his own successor. The question, therefore, is, when was the election for the new term of office properly held — in 1897 or in 1898?

By the Constitution of the State the term of office of a justice of the peace is four years. It is unquestionable that the Legislature could not abrogate or shorten the relator's original term of office; and it is conceded that, as to that term, the direction of the statute that it should cease on the 1st day of January, 1898, is unconstitutional and void. It is contended, however, that the provision that the relator's successor should be elected in 1897 is severable from that providing that his term should cease on the 1st day of January, 1898, and should be upheld. The general rule is, "When part only of a statute or a section is unconstitutional, that part only is void, unless the other provisions are so dependent and connected with that which is void that it cannot be presumed that the Legislature would

have enacted the one without the other." (*Duryee* v. *The Mayor*, 96 N. Y. 477.) But in this case we are of opinion that the two provisions of the statute, the one as to the abrogation of the existing term of office, and that providing the time for the election of the successor in office, are interdependent, and it must be presumed that the Legislature would not have enacted one without the other. We know of no instance in which the Legislature has assumed to direct that an elective office shall be filled earlier than at the election next preceding the expiration of the term of the present incumbent; and we doubt whether it is within the power of the Legislature to make such a direction as to constitutionally elective offices. We have looked in vain for any decided case on the question, and, in our opinion, the absence of adjudication is due to the fact that such a power has never been sought to be exercised. If the office of justice of the peace, which became vacant on the 1st day of January, 1899, could be filled at the election of 1897, we cannot see why the official term which would commence on the 1st day of January, 1903, might not equally have been authorized to be filled at that election; in fact, why the Legislature might not have authorized the election of justices of the peace for the next twenty years. The provisions of the Constitution, limiting offices to fixed terms, is entirely inconsistent with such an assumption of authority by the Legislature. In the case of judges of the Court of Appeals and justices of the Supreme Court, the Constitution provides that their terms shall be fourteen years from the first day of January next after their election. This requires that they shall be elected at the election nearest preceding the terms for which they are elected, and the question here presented could not arise as to those offices. The same is true as to Secretary of State and similar State officers. The Constitution provides that their successors shall be chosen every two years. A similar provision exists as to sheriffs and other county officers. But, as to the Governor and Lieutenant-Governor of the State, the only provision is that the successors of the incumbents, at the time the Constitution took effect, should be elected at the general election of 1896 and should hold their offices two years. There is no express direction as to when elections for subsequent official terms shall be held. So, also, the only provision as to county judges and surrogates is that their terms shall be six years, except

in the city and county of New York, where the term is fourteen years. We apprehend that no one would seriously urge that the Legislature could authorize any terms of these offices to be filled except at the proper election next preceding the commencement of the term to be filled; for, as already said, if the Legislature has such power, it might authorize several distinct terms to be filled at a single election, or, at least, in the case of a county judge, by ordering an election each year, fill the office for thirty years in advance, though at no single election would more than one term be filled.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concurrred. .

Order affirmed, with ten dollars and disbursements.